UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ARTHUR MILLER,

         Plaintiff,

   v.

JOSEPH LEHMAN, *et al.*,

         Defendants.

Case No. C08-5196RBL

ORDER

This matter comes before the court on plaintiff's motion for an extension of time (Doc. 28), Plaintiff's motion for appointment of counsel (Doc. 29), Plaintiff's motion to compel (Doc. 33), and Defendants' motion for an extension of time (Doc. 32). After reviewing the motion and the balance of the record, the court ORDERS:

(A) Plaintiff's motion to extend time (Doc. 28) and Defendants' motion to extend time (Doc. 32) are both **GRANTED.** The discovery period is extended until March 28, 2009. Dispositive motions shall be filed by no later than May 31, 2009. Counsel and *pro se* parties are directed to confer and provide the court with a joint status report by no later than August 29, 2009. The joint status report shall contain the following information by corresponding paragraph numbers:

1. A short and concise statement of the case, including the remaining legal and factual issues to be determined at trial;

2. A narrative written statement from each party setting forth the facts that will be offered by oral or written documentary evidence at trial;

3. A list of all exhibits to be offered into evidence at trial;

4. A list of the names and addresses of all the witnesses each party intends to call along with a short summary of anticipated testimony of each witness.

6. Whether the parties agree to arbitration under this district's arbitration program, and if so whether the arbitration will be final and conclusive or the right to trial de novo will be preserved (see Local Rule CR 39.1(d));

7. Pursuant to 28 U.S.C. § 636(c), whether the parties consent to having a Magistrate Judge conduct any or all remaining proceedings, including the trial and order the entry of judgment in the case.

8. Whether the case should be bifurcated by trying the liability issues before the damages issues, or specially managed in any other way;

9. Any other suggestions for shortening or simplifying the trial in this case;

10. The date the case will be ready for trial, considering Local Rule CR 16 deadlines;

12. The dates on which trial counsel are unavailable and any other complications to be considered in setting a trial date;

13. Whether the trial will by jury or non-jury;

14. The number of trial days required, and suggestions for shortening trial;

15. The names, addresses, and telephone numbers of all trial counsel and unrepresented (pro se) parties who intend to appear at trial.

If the parties are unable to agree on any part of the report, they may answer in separate paragraphs. **Separate reports are <u>not</u> to be filed**. Plaintiff's counsel (or plaintiff, if *pro se*) will be responsible for initiating communications for the preparation of the joint status report.

(B) Plaintiff's motion for appointment of counsel is **DENIED**. There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the court may do so only in exceptional circumstances. <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1236 (9th Cir. 1984); <u>Aldabe v. Aldabe</u>, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues

involved. Wilborn, 789 F.2d at 1331.

Plaintiff has demonstrated an adequate ability to articulate his claims *pro se*. Moreover, it appears that this case does not involve exceptional circumstances which warrant appointment of counsel. Accordingly, Plaintiff's Motion to Appoint Counsel is denied.

(C) Plaintiff's motion to compel discovery is **DENIED** without prejudice. Plaintiff has failed to show he conferred with the opposing party prior to filing a motion to compel as required by Local Rule CR 37. Moreover, the court notes that defendants appear to have appropriately responded to the underlying discovery requests.

(D) The Clerk of Court is directed to send a copy of this Order to plaintiff and to counsel for defendant(s).

DATED this 28th day of November, 2008.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge