UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ARTHUR T. MILLER,

        Plaintiff,

   v.

CORRECTIONAL OFFICER MAHN,

        Defendant.

CASE NO. C08-5196RBL

ORDER

This case has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. The matter is before the court on plaintiff's motion to compel discovery (Doc. 39). After reviewing the motion and the remaining record, the court finds and orders as follows:

    1. Plaintiff's Complaint alleges numerous acts or omissions to act regarding his right to practice his religious beliefs. Plaintiff names several different employees of the Washington State Department of Corrections as defendants, each acting in his or her capacity as a state employee. For instance, Plaintiff alleges, "In 2006, while at Cedar Creek Correctional Center, Chaplain Garringer, who is currently the Religious Program Manager, and Chaplain Houston denied me the right to order my religious diety statutes." Complaint at 4.

ORDER - 1

2. On April 4, 2008, the court directed service of the Complaint, and the Washington State Attorney General's office has since appeared and answered the Complaint on behalf of all named defendants, except for Chaplain Houston. The Answer states Chaplain Houston is no longer an employee of the Department of Corrections and he had not been properly served.

3. Plaintiff states he has been unable to obtain the current address for Chaplain Houston to enable the U.S. Marshal to serve him with a copy of the Complaint along with a summons. Plaintiff further argues defendants have denied his discovery requests seeking this information, along with other information regarding Chaplain Houston.

4. Defendants argue in response to the motion to compel that Chaplain Houston has not been employed at the Department of Corrections since March 13, 2006, and state law, protecting private information, prevents Defendants from disclosing a past employee's personal information without court order.

5. The undersigned acknowledges the state or any government's interest in protected private information, particularly in the situation where an inmate is requesting a Department of Correction's employee's personal information. However, this interest must be balanced against the need to protect a prisoner's right to come to the court to seek redress when he or she has been allegedly denied a constitutional right, such as the right to practice his or her religion.

It appears Chaplain Houston was an employee of the Department of Corrections during the relevant time framed by Plaintiff's Complaint. It further appears Chaplain Garringer was involved in the same incident as Chaplain Houston. Why the state represent Chaplain Garringer, but does not represent Chaplain Houston, even though he is no longer employed by the Department of Corrections is unclear.

6. Unless the state would like to appear on behalf of Chaplain Houston, Plaintiff is entitled to have his Complaint properly served on this defendant. Plaintiff is thus entitled to obtain the last known address for Chaplain Houston, so he may complete and submit the necessary U.S. Marshal's form for service on this defendant.

7. Plaintiff's motion further argues Defendants have "refused to disclose E-mails and other documents requested by Plaintiff in his Motion for Production of Documents." Plaintiff's request is vague. The court is unable to discern what information Plaintiff is seeking or what information Defendants have not supplied from Plaintiff's pleadings. Defendants elaborate in their response, and it appears their objections, based on relevancy, are warranted.

8. In sum, Plaintiff's motion to compel Defendants to disclose to him the last known address for Chaplain Houston is **GRANTED**, unless the State Attorney General's office appears on his behalf by **no later than April 10, 2009**. Plaintiff's request for sanctions is DENIED.

DATED this 19th day of March, 2009.

 */s/ J. Richard Creatura*
J. Richard Creatura
U.S. Magistrate Judge